Filed 7/12/21  P. v. Vang CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARRY JOE VANG,<br><br>    Defendant and Appellant. | F081482<br><br>(Fresno Super. Ct. No. CF97588086)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Jerome P. Wallingford, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Franson, J. and De Santos, J.

## INTRODUCTION

In 1998, appellant and defendant Carry Joe Vang was sentenced to 25 years to life for first degree murder, plus multiple life terms for attempted murder convictions and an aggregate determinate term of 59 years for enhancements, based on his participation in a gang-related drive-by shooting at two residences on the night of August 21, 1996, that resulted in the death of a three-year-old child and the wounding of three adults. (*People v. Vang* (2001) 87 Cal.App.4th 554, 556–557 (*Vang*).)[1]

In 2020, after his case was final, defendant Vang filed a motion in the trial court and argued he was entitled to a juvenile fitness hearing based on subsequent statutory enactments because he was 16 years old at the time of the offenses. The court denied his motion. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## PROCEDURAL BACKGROUND

On May 8, 1997, an information was filed in the Superior Court of Fresno County charging defendants Vang, Kue Lao, and Chou Dou Yang, with count 1, first degree murder (Pen. Code, § 187),[2] with a gang enhancement (§ 186.22, subd. (b)), an enhancement for discharging a firearm from a motor vehicle with intent to inflict great bodily injury (§ 190, subd. (c)), and a special circumstance for discharging a firearm from a motor vehicle with the intent to cause death (§ 190.2, subd. (a)).

In counts 2 through 12, defendants were charged with attempted murder; count 13, vehicle theft (Veh. Code, § 10851, subd. (a)); and count 14, willful participation in a criminal street gang (§ 186.22, subd. (a)), with gang enhancements alleged as to counts 2 through 13; that defendants discharged a firearm from a motor vehicle as to counts 1, 2,

---

[1] As in defendant's opening brief, the factual and procedural summaries are from the published opinion in defendant's first appeal, *Vang, supra*, 87 Cal.App.4th 554.)

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

7, and 10; in counts 2 and 10, that defendants personally inflicted great bodily injury (§ 12022.7); and in counts 3 through 6, 8 through 9, and 11 through 12, that defendants personally used a firearm (§ 12022.5, subd. (a)). (*Vang, supra*, 87 Cal.App.4th at pp. 556–557.)

On November 24, 1997, defendants' joint jury trial began. The court granted defendants' motion to dismiss the allegations that they discharged a firearm from a motor vehicle (§ 12022.55) in counts 7 and 10; the personal use enhancements in counts 8, 9, 11 and 12 (§ 12022.5, subd. (a)); and the great bodily injury enhancement in count 10 (§ 12022.7). (*Vang, supra*, 87 Cal.App.4th at p. 557.)

On January 16, 1998, the jury found defendants guilty as charged and found true the remaining special allegations. (*Vang, supra*, 87 Cal.App.4th at p. 557.)

On March 20, 1998, the court denied probation. All three defendants were sentenced 25 years to life on count 1, plus nine consecutive life terms on counts 2 through 5 and 7 through 11. Defendants Vang and Yang were also sentenced to an aggregate determinate term of 59 years on the enhancements attached to their convictions, and defendant Lao was sentenced to an additional four years for the enhancements. (*Vang, supra*, 87 Cal.App.4th at p. 557.)

**Defendant's first appeal**

On March 2, 2001, this court filed the opinion in the defendants' joint appeal. In the published portion of the opinion, we held that substantial evidence supported defendants' eight convictions for attempted murder and the related enhancements. (*Vang, supra*, 87 Cal.App.4th at p. 556.)

In the unpublished portion, we reversed count 12, attempted murder, as to all defendants because of insufficient evidence. We remanded the matter for a limited rehearing of defendants' new trial motions. (*Vang, supra*, 87 Cal.App.4th at pp. 565–566.)

**Remand**

On November 2, 2001, the trial court conducted the hearing on remand. It denied defendants' motions for new trial and held that based on its independent review, there was substantial evidence to support the jury's verdicts and findings. The court reinstated the original sentences and judgments.

**Current proceedings**

On February 20, 2020, defendant Vang filed, in pro. per., an ex parte request in the trial court for a juvenile transfer hearing pursuant to the newly enacted provisions of Proposition 57 (the Public Safety and Reconciliation Act of 2016) and Senate Bill No. 1391 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1012, § 1), and the amendments to Welfare and Institutions Code section 707, as addressed in *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303 (*Lara*), and argued these amendments applied to his case and he should be treated as a juvenile because he was 16 years old when he committed the offenses.

Defendant Vang also moved for a youthful offender hearing in anticipation of a future parole hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, 284.

On May 28, 2020, the trial court denied defendant's request for a juvenile transfer hearing. The court held that Proposition 57 was effective in November 2016, and the resulting amendments were not retroactive to cases that were final before that date. It further held the amendments enacted by Senate Bill No. 1391 were effective in 2019, they were not retroactive to cases that were final before that date, and the amendments only applied to juveniles who were 14 or 15 years old at the time of their offenses. The court found defendant Vang was 16 years old at the time of the murder and would not be entitled to relief even if his case was not final when the amendments became effective.[3]

---

[3] The trial court properly denied defendant's request for a juvenile fitness hearing. Proposition 57 became effective in November 2016 and applied retroactively only to cases that were not yet final. (*Lara, supra*, 4 Cal.5th at pp. 304, 307.) Senate Bill

4.

The court granted defendant Vang's request for a *Franklin* hearing since he was under the age of 18 years at the time of the offenses, and ordered the matter set on calendar.

On July 24, 2020, defendant Vang filed a timely notice of appeal of the court's denial of his motion for a juvenile fitness hearing pursuant to Proposition 57.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on November 30, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

No. 1391 was effective on January 1, 2019, it was retroactive only to judgments that were not yet final and, as noted by the court, it only applied to juveniles who were 14 or 15 years old at the time of their offenses. (*C.S. v. Superior Court* (2018) 29 Cal.App.5th 1009, 1038.)